ORIGINAL

REISSUED FOR PUBLICATION
JUN 15 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1150V

(Not to be Published)

FILED
MAR - 1 2018
U.S. COURT OF FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ARTHUR FREDRICK LUTE, *as father and legal guardian of* E.A.L., | \* \* \* | Special Master Corcoran |
| | \* | Filed: March 1, 2018 |
| Petitioner, | \* | |
| v. | \* \* | Respondent's Motion to Dismiss; Dismissal of Petition; Vaccine |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | Act; Denial Without Hearing; Statute of Limitations. |
| Respondent. | \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Arthur Fredrick Lute*, *pro se*, Imperial Beach, CA, for Petitioner.

*Heather Pearlman*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE AS UNTIMELY[1]

On August 25, 2017, Arthur Lute filed a petition on behalf of his minor child, E.A.L, seeking compensation under the National Vaccine Injury Compensation Program.[2] The petition alleged that the diphtheria, pertussis, and tetanus ("DPT") vaccines E.A.L. received on July 9, 2012, August 10, 2012, October 19, 2012, July 31, 2013, and November 18, 2016 caused an encephalopathy leading to autism. *See* Amended Petition ("Am. Pet.") (ECF No. 17) at 1, 3.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

FedEx Tracking 8104 2438 6439

This Petition was originally assigned to Special Master Millman, but was transferred to me after Petitioner began filing medical records. *See* Notice of Reassignment, dated Sept. 19, 2017 (ECF No. 9). Shortly thereafter, I held a status conference on November 7, 2017. At that time conference, I discussed the progression of the case and the medical records that would need to be filed in order for the claim to continue. Specifically, I ordered Petitioner to file an Amended Petition, identifying the vaccine(s) at issue and the first onset of the claimed injury, given my concerns that the petition was likely filed outside the statute of limitations. *See* Scheduling Order, dated Nov. 8, 2017 (ECF No. 16). Any vaccine administered in 2013 or earlier was unlikely to be actionable under the Program's three-year limitations period. I also instructed Respondent to file a motion to dismiss if, after considering the amended petition, he believed the claim was time-barred. *Id.* at 2.

Petitioner filed an amended petition, as referenced above, stating that several DPT vaccines caused E.A.L.'s autism, all but one being administered in 2012-2013. Am. Pet. at 1. Despite my instructions, Petitioner did not allege a precise date of onset, stating instead that "onset of the mitochondrial change/illness as effected by underlying reasons related to immunization(s), as noted in childs [sic] medical records-2014." *Id.* at 3. As instructed, Respondent thereafter filed a motion to dismiss on January 18, 2018, arguing that the petition was time-barred because there is record evidence that E.A.L. had symptoms of autism in June 2013, exceeding the statute of limitations by fourteen months (since this petition was filed in August 2017). *See* Motion to Dismiss, dated Jan. 18, 2018 (ECF No. 18). On January 24, 2018, I issued a written scheduling order, allowing Petitioner until February 9, 2018 to file a response. *See* Scheduling Order, dated Jan. 24, 2018 (ECF No. 20). That order was mailed to Petitioner. To date, no response has been filed.

The statute of limitations prescribed by the Vaccine Act is three years, or thirty-six months. Section 16(a)(2). Thus, the period in which to bring a Program claim terminates "after the expiration of 36 months after the date of the occurrence of the first symptom of manifestation of onset or of the significant aggravation of such injury." *Id.* The statute begins to run from the manifestation of the first objectively cognizable symptom, whether or not that symptom is sufficient for diagnosis. *Carson v. Sec'y of Health & Human Servs.*, 727 F.3d 1365, 1369 (Fed. Cir. 2013). Special masters have appropriately dismissed cases that were filed outside the limitations period, even by a single day or two. *See, e.g., Spohn v. Sec'y of Dep't of Health & Human Servs.*, No. 95-0460V, 1996 WL 532610 (Fed. Cl. Spec. Mstr. Sept. 5, 1996) (dismissing case filed one day beyond thirty-six-month limitations period), *mot. for review denied*, (Fed. Cl. Jan. 10, 1997), *aff'd*, 132 F.3d 52 (Fed. Cir. 1997).

The medical records filed by Petitioner indicate that E.A.L. began showing developmental delays in June 2013, when he was evaluated by a neurologist for concerns that E.A.L. was not responding to his name. *See* Oct. 6, 2017, Records at 7. Thereafter, E.A.L. had a series of

evaluations and was diagnosed with a developmental delay on July 13, 2013. *See* Oct. 18, 2017, Records at 29. Because the medical records clearly indicate that E.A.L.'s symptoms began in June 2013, the petition would need to have been filed by June 2016 in order to be timely. The petition, however, was not filed until August 25, 2017, fourteen months after the statute of limitations period had expired.

**Thus, this case is dismissed because it was not filed within the statute of limitations.[3] The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master

---

[3] I also observe, as set forth in more detail in my November 8th Scheduling Order, that claims asserting autism as an injury have almost never been successful in the Vaccine Program - and hence even if the claim had been timely filed, or Petitioner could establish some basis for equitable tolling of the statute, the claim would very likely fail regardless.